**Roy Solen DAILY and James Ribero, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 16414.**

United States Court of Appeals Ninth Circuit.

July 8, 1961.

Robert S. Bixby, San Francisco, Cal., for appellant Ribero.

Willis Hannawalt and Robert Morris, San Francisco, Cal., for appellant Daily.

Lawrence E. Dayton, U. S. Atty., John Kaplan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS and HAMLEY, Circuit Judges, and LINDBERG, District Judge.

STEPHENS, Circuit Judge.

Appellants were convicted of conspiracy to violate the federal narcotics law, 18 U.S.C. § 371 and 26 U.S.C. § 4705(a), and Daily was also convicted of the substantive offense of selling narcotics. Both appellants had earlier appealed. We affirmed Ribero's conviction and declined to review Daily's since no brief had been filed in his behalf. 9 Cir., 1960, 282 F.2d 818. Subsequently, we granted Ribero's motion for a rehearing and Daily's petition to file a brief. Thus both appellants are now before us on appeal as to the merits of the judgments against them.

The sole issue here considered is whether reversals are required because of the admission of evidence obtained through a search and seizure contravening the Fourth Amendment. Contraband narcotics and paraphernalia were seized in Daily's apartment without a warrant either for arrest or search following receipt of uncorroborated information from an informer of doubtful reliability. The raid by state officers took place three days after the information was received and there was no showing of "special circumstances" to justify the failure to apply for a warrant. The trial judge ruled the evidence inadmissible but later reversed his ruling and admitted the evidence in erroneous reliance upon the obsolete "sliver platter" doctrine. Elkins v. United States, 1960, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669.

We hold that the trial judge was correct in his initial ruling. Chapman v. United States, 1961, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828; Jones v. United States, 1958, 357 U.S. 493, 78 S.Ct.

**34**

1253, 2 L.Ed.2d 1514; McDonald v. United States, 1948, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153; Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; C. F. Mapp v. Ohio, 1961, 81 S.Ct. 1684. Accordingly, Daily's conviction must be reversed.

Since Ribero was charged with and convicted of participation in a single conspiracy which included Daily, we hold that the jury may well have been prejudiced against Ribero by virtue of the illegal evidence improperly admitted against Daily. Kotteakos v. United States, 1946, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557. Therefore, we must also reverse Ribero's conviction.

We take pleasure in complimenting the court appointed counsel, Robert H. Morris and Willis D. Hannawalt, upon the excellence of their briefs and oral presentation. Our compliments also to government counsel.

Reversed and remanded.